**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SMALL BUSINESS** | § | |
| **ADMINISTRATION as receiver for** | § | |
| **TRIDENT GROWTH FUND, L.P.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:15-CV-1851-L-BK** |
| | § | |
| **DONALD MOOREHEAD,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the *Order of Reference*, Doc. 18, the Court now considers *Plaintiff's Request for Entry of Default and Default Judgement*, Doc. 16. For the reasons that follow, it is recommended that the motion be **GRANTED** to the extent stated herein.

## I. BACKGROUND

On May 28, 2015, Plaintiff filed this action asserting claims of breach of contract and common law fraud against Defendant Donald Moorehead. Doc. 1. Upon approval of the Court, summons was issued by publication on February 29, 2016, and March 7, 14, and 21, 2016, Doc. 12; Doc. 15. Subsequently, Defendant failed to file a responsive pleading or otherwise defend. Consequently, the Clerk entered a default against Defendant upon Plaintiff's request. Doc. 17. Plaintiff now seeks the entry of a default judgment against Defendant.

## II. APPLICABLE LAW

The conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment, are found in Rule 55 of the Federal Rules of Civil Procedure. The entry of default judgment is the culmination of three events: (1) default, which occurs when a defendant has failed to plead or otherwise respond to the complaint within

the time required by Rule 12 of the Federal Rules of Civil Procedure; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by plaintiff to the Court for a default judgment after the entry of default.  FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Standing alone, however, a defendant's default does not entitle a plaintiff to a default judgment.  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  The decision to grant a default judgment is soundly within the district court's discretion.  *Lewis*, 236 F. 3d at 767.  "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989)).  There must be a sufficient basis in the pleadings for a court to enter judgment by default.  *Nishimatsu Constr. Co.*, 515 F.2d at 1206.  Defendants, by virtue of having a default entered against them, are deemed to have admitted the well-pleaded allegations of the complaint and are precluded from contesting the established facts.  *Id.* (citations omitted).

### III. ANALYSIS

Plaintiff seeks the entry of a default judgment against Defendant for breach of contract, common law fraud, and reasonable and necessary attorneys' fees and costs.  Doc. 16 at 3. Plaintiff has submitted a proposed order.  Doc. 16-9 at 1-2.

***Breach of Contract and Fraud Claims***

Based on the record in this action, the Court determines that Defendant is in default and that Plaintiff is entitled to a default judgment.  In short, the well-pleaded allegations of Plaintiff's complaint establish that Defendant was indebted to pay Trident $250,000 in exchange for an interest in Trident.  Doc. 1 at 2.  In November 2009, Plaintiff, as receiver for Trident, and

2

Defendant entered into a Settlement Agreement and Release (the "Settlement Agreement"), in which Defendant promised to pay Plaintiff $264,300 (including accrued interest).  Doc. 1 at 2; Doc. 16-5 at 1-8 (Settlement Agreement).  Defendant agreed to pay: (1) the sum of $100 per month from November 2012 to December 2013; and (2) the unpaid balance by January 3, 2014. Doc. 1 at 2.  Defendant only paid Plaintiff a total of $2,000.  Doc. 1 at 3.  Plaintiff sent Defendant a demand for overdue payments in the amount of $262,300.  Doc. 1 at 3.  Owing to Defendant's breach, Plaintiff was forced to retain counsel and bring this suit.  Doc. 1 at 3.

Defendant represented to Plaintiff, orally and in writing, that he would pay the amounts due under the Settlement Agreement, Plaintiff relied on such by substantially delaying its enforcement of the right to be paid in full by agreeing to a series of installments.  Doc. 1 at 4. Defendant intended for Plaintiff to rely upon his representations and did not intend to fully perform under the Settlement Agreement.  Doc. 1 at 4.  Defendant failed to pay Plaintiff the amounts owed under the Settlement Agreement and, after all lawful offsets and credits, as of May 1, 2015, Defendant owes $262,300.00.  Doc. 1 at 3.

Upon consideration of these facts, the Court finds that Plaintiff has sufficiently established a basis for the grant of a default judgment against Defendant on Plaintiff's claims of breach of contract and common law fraud.  *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. Accordingly, Plaintiff is entitled to default judgment on both claims.

### *Attorneys' Fees*

Additionally, because Plaintiff has been forced to hire an attorney to represent it in this matter, it seeks to recover its reasonable attorneys' fees and costs expended in this action, as is provided for by the parties' Settlement Agreement.  Doc. 16 at 3; Doc. 16-1 at 3; Doc. 16-5 at 2.

3

Upon review of the Settlement Agreement, the Court finds that, by its terms, Plaintiff is entitled to an award of its reasonable attorneys' fees and costs. Doc. 16-5 at 2.

In the Fifth Circuit, a two-step process is employed to determine the amount of attorneys' fees to be awarded. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)). The first step is the lodestar calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* The fee applicant bears the burden of proof on this issue. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). In the second step, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989).[1] "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Dougals W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

Plaintiff seeks $13,611.59 in fees and expenses for work performed by attorneys Steven Earl, Tanya Pino, and Cavyn Sanders, and paralegal, Heather Scott, from September 2014 to June 2016. Doc. 16-4 at 2. Plaintiff has submitted an *Affidavit in Support of Attorneys' Fees and Court Costs*, in which Attorney Earl avers that he and the other legal professionals charged

---

[1] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

the following hourly billing rates: $195 for himself, $155 for Pino and Sanders, and $80 for
Scott.  Doc. 16-4 at 2.  Earl further declares that, given his reputation and litigation experience
(19 years), and that of Pino (10 years) and Sanders (4 years), said rates are reasonable.  Doc. 16-
4 at 3.  While Plaintiff does not indicate the prevailing rate in this judicial district, the Court,
applying its expertise and judgment, finds the declared rates reasonable.  *See Gromer v. Mack,
No. 3:11-CV-0682-D, 2012 WL 28835, at *2 (N.D. Tex. Jan. 4, 2012)* (Fitzwater, J.) (collecting
cases noting that courts are considered experts regarding the reasonableness of attorney's fees).
Accordingly, the Court has used the rates averred by Attorney Earl to calculate the lodestar.
Upon careful review of Plaintiff's unredacted billing statements, which include hours billed and
descriptions of the work performed, the Court finds the hours expended[2] by Plaintiff's attorneys
and staff to be reasonable and commensurate with the work performed.

   That being said, in some instances, there is a disparity between the rates indicated in the
billing statements and the rates declared by Attorney Earl.  While Earl declared a rate of $195
per hour, he billed .3 hour at a rate of $310 per hour.  Doc. 21 at 36, 38.  More significantly,
although Pino's declared rate was $155 per hour, she billed 17.6 hours at $195 per hour.  Doc. 21
at 7, 10, 11, 14, 17, 19.  Also, Sanders billed 7 hours at $250 per hour—a marked increase from
the declared $155 hourly rate.  Doc. 21 at 36.  Lastly, Scott billed 1.6 hours at $125 per hour.
Doc. 21 at 36.  Re-calculating Plaintiff's fees and costs at the declared rates, the lodestar
calculation is $12,729.09.  The Court finds no reason to adjust this figure.  While Plaintiff also
requests attorneys' fees for possible appellate work, the Court should decline to award

---

[2] Total hours billed by (1) Attorney Earl: 12.8 hours; (2) Attorney Pino: 23.9 hours; (3) Attorney
Sanders: 30 hours; and (4) Paralegal Scott: 3.7 hours.  Doc. 21 at 1-38.  While Plaintiff's
spreadsheet, Doc. 16-7, shows Earl, Pino, and Sanders billing a total of 12.5, 21.1, and 29.5
hours, respectively, this does not include billing statements from 11/11/2015, 7/8/2016, and
8/8/2016,  Doc. 21 at 25, 37, 38, which show Earl, Pino, and Sanders working an additional .3,
2.8, and .5 hours, respectively.

speculative fees for work that has not been performed. *See Innovative Sports Mgmt., Inc. v. Perez*, No. 3:13-CV-1328-L, 2014 WL 1095140, at *3 (N.D. Tex. Mar. 20, 2014) (Lindsay, J.) ("The court believes that an award of attorney's fees should be based on time expended, not some yet-to-occur event. Moreover, federal courts rarely award attorney's fees for matters that have not occurred"). If appellate work becomes necessary, Plaintiff will have an opportunity to seek such fees.

Thus, Plaintiff should be awarded attorneys' fees and court costs in the amount of $12,729.09 as its reasonable attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that *Plaintiff's Request for Entry of Default and Default Judgement*, Doc. 16, be **GRANTED** to the extent stated herein, and that upon acceptance of this recommendation, the Court enter Default Judgment in favor of Plaintiff.

**SO RECOMMENDED** on October 11, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

7